**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHEN JACKSON and SHEILA JACKSON, Individually and on behalf of a class, <br><br> Plaintiffs, <br><br> v. <br><br> FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP <br><br> Defendant. | Case No. 12-CV-3163 |

## DEFENDANT'S ANSWER TO THE COMPLAINT

Defendant Frenkel Lambert Weiss Weisman & Gordon LLP ("Defendant"), by their attorneys, Hodgson Russ LLP, in answer to the Complaint of plaintiffs Stephen Jackson and Sheila Jackson ("Plaintiffs"), alleges as follows:

## INTRODUCTION

1.      Refers to the Complaint, which speaks for itself, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint states a legal conclusion to which no response is required. If and to the extent a response is deemed required, Defendant denies the allegations.

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required. If and to the extent a response is deemed required, Defendant denies the allegations.

## PARTIES

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Admits the allegations in Paragraph 5.

6. Denies the allegations in paragraph 6.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required.  If and to the extent a response is deemed required, Defendant denies the allegations.

## FACTS

8. Refers to Exhibit A of the Complaint, which speaks for itself, and denies the remaining allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Denies the allegations in paragraph 11.

12. Refers to Exhibit A of the Complaint, which speaks for itself, and denies the remaining allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. Refers to Exhibit B of the Complaint, which speaks for itself, and denies the remaining allegations in paragraph 14.

15. Refers to Exhibit C of the Complaint, which speaks for itself, and denies the remaining allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

## COUNT I – FDCPA

19.     Repeats its responses to paragraphs 1 through 18.

20.     Denies the allegations in paragraph 20.

21.     Refers to the language of the statute, which speaks for itself, and denies the remaining allegations in paragraph 21.

22.     Denies the allegations in paragraph 22.

23.     Refers to the language of the statute, which speaks for itself, and denies the remaining allegations in paragraph 23.

## CLASS ALLEGATIONS

24.     Denies the allegations in paragraph 24.

25.     Denies the allegations in paragraph 25.

26.     Denies the allegations in paragraph 26.

27.     Denies the allegations in paragraph 27.

28.     Denies the allegations in paragraph 28.

29.     Denies the allegations in paragraph 29.

30.     Denies the allegations in paragraph 30.

31.     Denies the allegations in paragraph 31.

32.     Denies the allegations in paragraph 32.

## GENERAL DENIAL

33.     Denies each and every other allegation not otherwise expressly addressed in this Answer.

## FIRST DEFENSE

34.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

35.     The injuries, damages, and/or expenses alleged in the Complaint are the direct and proximate result of the acts, omissions, negligence, fault and/or breach of duty of Plaintiffs.

## THIRD DEFENSE

36.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH DEFENSE

37.     If there was a violation of the FDCPA, none being admitted, it was not willful or intentional and instead resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

## FIFTH DEFENSE

38.     Plaintiffs' purported causes of action, and each of them, are barred by the equitable doctrine of unclean hands.

## SIXTH DEFENSE

39.     Any claimed damages are subject to setoff or credit under law and equity for any funds owed in connection with the obligations referred to Defendant for collection.

## SEVENTH DEFENSE

40.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## EIGHTH DEFENSE

41.     This Court lacks personal jurisdiction over Defendant.

## NINTH DEFENSE

42.     At all pertinent times, Defendant acted in compliance with all applicable laws, regulations, and statutes.

## TENTH DEFENSE

43.     Plaintiffs lack standing to sue.

## ELEVENTH DEFENSE

44.     Plaintiffs' claims are barred by the doctrine of estoppel.

## TWELFTH DEFENSE

45.     Plaintiffs' claims are barred by the doctrine of waiver.

## THIRTEENTH DEFENSE

46.     Plaintiffs are precluded from recovering against the Defendant because the Complaint is based on errors of fact and/or law.

## FOURTEENTH DEFENSE

47.     Any damages sustained by Plaintiffs were a result of the acts of third persons or entities over whom Defendant had no control.

## FIFTEENTH DEFENSE

48.     There is no privity/duty between Plaintiffs and Defendant.

## SIXTEENTH DEFENSE

49.     The Plaintiffs cannot satisfy the requirements necessary to sustain a collective action.

## SEVENTEENTH DEFENSE

50.     The Plaintiffs have not properly identified an alleged class, and the Plaintiffs cannot satisfy the requirements of Federal Rules of Civil Procedure 23.

## EIGHTEENTH DEFENSE

51.     The Defendant should be awarded attorney's fees and costs associated with its defense of this action pursuant to 15 USC 1692 k(a)(3) because this action was brought in bad faith and for the purpose of harassment.

## NINETEENTH DEFENSE

52.     The Defendant did not violate the FDCPA since the Bank of America, N.A., as a servicer of the loan, is deemed a creditor under the applicable Pooling Service Agreement, which permits it to foreclose in the event of a default.

## TWENTIETH DEFENSE

53.     Defendant reserves its right to amend this Answer and to raise any additional affirmative defenses that become apparent during discovery proceedings in this matter and after.

## JURY DEMAND

54.     Defendant demands a trial by jury of all issues triable by a jury.

WHEREFORE, Defendant respectfully requests the following relief:

A.    Dismissal of Complaint;

B.    Costs and disbursements; and

C.    Such other and further relief as the Court deems proper.

Dated: New York, New York
August 7, 2012

**HODGSON RUSS** LLP
Attorneys for Defendant
Frenkel Lambert Weiss Weisman & Gordon, LLP

By:    /s/ Alba Alessandro
       Alba Alessandro (0048)
       Brent Nowicki (0536)
1540 Broadway, 24th Floor
New York, New York 10036
Telephone:  212-751-4300
E-Mail:  aalessan@hodgsonruss.com
         bnowicki@hodgsonruss.com

TO:    Abraham Kleinman
       KLEINMAN, LLC
       626 Uniondale, New York 11556-0626
       (516) 522-2621
       (888) 522-1692 (Fax)

       Tiffany N. Hardy
       EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
       120 S. LaSalle Street, 18th Floor
       Chicago, Illinois 60603
       (312) 739-4200
       (312) 419-0379 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

STEPHEN JACKSON and SHEILA JACKSON,
Individually and on behalf of a class,

                                 Plaintiffs,

     v.

FRENKEL LAMBERT WEISS WEISMAN
& GORDON, LLP

                                 Defendant.

Case No. 12-CV-3163

## CERTIFICATE OF SERVICE

       Alba Alessandro, by her signature below, hereby certifies that on August 7, 2012, Defendant's Answer was served by filing the Answer using the Court's CM/ECF system which immediately notifies all registered users via electronic transmission at the respective email addresses designated for such service.

Dated: August 7, 2012

                                                       Alba Alessandro

Sworn to before me this
7th day of August, 2012.

                       Notary Public

Amy K. Hawk
Notary Public, State of New York
No. 01HA6192626
Qualified in Queens County
Commission Expires Sept. 2, 20 12

000161.01149 Litigation 8640153v1